# STATE OF WEST VIRGINIA
# SUPREME COURT OF APPEALS

**State of West Virginia,**
**Plaintiff Below, Respondent**

**v.)  No. 24-40** (Berkeley County CC-02-2023-F-182)

**Zeto Tape,**
**Defendant Below, Petitioner**

## MEMORANDUM DECISION

Petitioner Zeto Tape appeals his convictions for malicious assault, conspiracy to commit malicious assault, willful disruption of governmental process, and offense by inmate (causing injury to another) as reflected in the Circuit Court of Berkeley County's December 28, 2023, sentencing order.[1] The petitioner claims that the circuit court erred in denying his motions for judgment of acquittal. Upon our review, finding no substantial question of law and no prejudicial error, we determine that oral argument is unnecessary and that a memorandum decision affirming the circuit court's order is appropriate. *See* W. Va. R. App. P. 21(c).

The petitioner was indicted for these offenses following an altercation with Taevon Davis, his fellow inmate at Eastern Regional Jail ("ERJ").[2] At trial, the State presented evidence demonstrating that Mr. Davis sustained "bruises and lacerations" to his face after being physically attacked by the petitioner and Mohammed Sirleaf at ERJ. Mr. Davis denied that the petitioner caused him any permanent bodily injury and testified that he injured his face by running into a wall. The petitioner further argued that Mr. Davis' brother, Elijah Paige, was the person who disrupted processes at ERJ when he became belligerent towards correctional officers claiming that his brother had just been assaulted. After the State rested its case, the circuit court denied the petitioner's motions for judgment of acquittal and the jury convicted the petitioner of all charges in the indictment.

---

[1] The petitioner appears by counsel Jason Gain. The State appears by Attorney General John B. McCuskey and Assistant Solicitor General Grant Newman. Because a new Attorney General took office while this appeal was pending, his name has been substituted as counsel.

[2] The petitioner was jointly indicted with Mohammed Sirleaf, but Mr. Sirleaf pled guilty before trial.

On appeal, the petitioner argues that the circuit court erred in denying his motions for judgment of acquittal based on the sufficiency of evidence, and we apply a de novo standard of review when considering this claim. *See State v. Juntilla*, 227 W. Va. 492, 497, 711 S.E.2d 562, 567 (2011) (citing *State v. LaRock*, 196 W. Va. 294, 304, 470 S.E.2d 613, 623 (1996)). When a criminal defendant challenges the sufficiency of evidence to support his conviction, this Court reviews

> all the evidence, whether direct or circumstantial, in the light most favorable to the prosecution and must credit all inferences and credibility assessments that the jury might have drawn in favor of the prosecution. The evidence need not be inconsistent with every conclusion save that of guilt so long as the jury can find guilt beyond a reasonable doubt. Credibility determinations are for a jury and not an appellate court. Finally, a jury verdict should be set aside only when the record contains no evidence, regardless of how it is weighed, from which the jury could find guilt beyond a reasonable doubt.

Syl. Pt. 3, in part, *State v. Guthrie*, 194 W. Va. 657, 461 S.E.2d 163 (1995).

First, the petitioner fails to establish that the evidence presented at trial was insufficient to support his malicious wounding conviction. *See* W. Va. Code § 61-2-9(a) (providing that a person is guilty of malicious assault if he "maliciously shoots, stabs, cuts, or wounds any person, or by any means cause[s] him or her bodily injury with intent to maim, disfigure, disable or kill"). The petitioner does not deny that the attack occurred but argues that Mr. Davis was not permanently injured. However, West Virginia Code § 61-2-9(a) does not require a permanent injury; it merely requires evidence that the petitioner "by any means caused [the victim] bodily injury with intent to maim, disfigure, disable or kill[.]" Here, the State introduced a recording of a phone call from the petitioner in which he stated that he had assaulted Mr. Davis, and it introduced photos showing the injuries that Mr. Davis sustained during the attack. The State also played a recording of a phone call in which Mr. Davis told his father that the petitioner and Mr. Sirleaf fought him, "two on one, in a cell," and that they "f***** up" his eye by kicking him when he was on the floor. Further, Corporal Derek English testified that Mr. Davis had been previously targeted outside the jail by the petitioner and Mr. Sirleaf in a series of shootings. After viewing the evidence in the light most favorable to the prosecution, the jury was presented with sufficient evidence to find the petitioner was guilty, beyond a reasonable doubt, of malicious wounding because the evidence showed that Mr. Davis sustained bodily injury and the petitioner intended to maim, disfigure, disable or kill him by kicking him in the face. *See* W. Va. Code § 61-2-9(a). Thus, we reject this assignment of error.

Second, the petitioner argues that there was insufficient evidence to support his conviction for conspiracy to commit malicious assault. *See* W. Va. Code § 61-10-31(a); Syl. Pt. 4, *State v. Less*, 170 W. Va. 259, 294 S.E.2d 62 (1981) (providing that a person is guilty of conspiracy to commit malicious wounding if he and another person agree to commit malicious wounding and some overt act is taken by a member of the conspiracy to effect the object of the conspiracy). The petitioner admits that there is evidence of a conspiracy between himself and Mr. Sirleaf, but he

argues that they only agreed to commit battery on Mr. Davis. As discussed above, the State presented evidence that the petitioner and Mr. Sirleaf attacked Mr. Davis and they had previously targeted Mr. Davis in a series of shootings. Given that we already concluded there was sufficient evidence presented to prove malicious wounding, and the petitioner does not deny the existence of a conspiracy, we reject this assignment of error.

Third, the record on appeal includes sufficient evidence to prove that the petitioner willfully disrupted governmental processes when he attacked Mr. Davis at ERJ. *See* W. Va. Code § 61-6-19(a) (providing that a person is guilty of willful disruption of governmental processes if he "willfully interrupts or molests the orderly and peaceful process of any department . . . of state government"). The petitioner admits that governmental processes were disrupted, but he shifts the blame for that disruption to Elijah Paige, who attempted to fight a correctional officer seventeen minutes after the petitioner's altercation with Mr. Davis. However, the petitioner's attack on Mr. Davis was the initial cause of the disruption, and Lieutenant Eric Tomlinson testified that he had to leave the intake section to investigate the attack on Mr. Davis. Thus, we conclude that the State presented sufficient evidence to support the conviction of Mr. Davis for disruption of governmental processes, and we reject this assignment of error.

Finally, sufficient evidence exists in the record on appeal to prove that the petitioner was guilty of the offense of an inmate causing injury to another. *See* W. Va. Code § 62-8-1(a) (providing that a person is guilty of offense by inmate (causing injury to another) if he is "imprisoned or otherwise in the custody of the Commissioner of Corrections and Rehabilitation . . . [and] kills, wounds, or inflicts other bodily injury upon any person at any correctional facility"). The petitioner admits that Mr. Davis had a "black eye," but he points out that Mr. Davis denied being in a fight with the petitioner and that he did not seek medical treatment. However, the State introduced evidence that the petitioner injured Mr. Davis' eye by kicking him in the face, and the jury saw photographs of swelling and discoloration around Mr. Davis' eye. Again, viewing the evidence in the light most favorable to the prosecution, and crediting all inferences and credibility assessments that the jury might have drawn in favor of the prosecution, sufficient evidence supported the jury's determination that the petitioner was guilty of inflicting "bodily injury" upon Mr. Davis. *See* W. Va. Code § 62-8-1(a). Thus, we reject this assignment of error.

For the foregoing reasons, we affirm.

Affirmed.

**ISSUED:** June 1, 2026

**CONCURRED IN BY:**

Chief Justice C. Haley Bunn
Justice William R. Wooton
Justice Charles S. Trump IV
Justice Thomas H. Ewing
Justice Gerald M. Titus III

3